## REED v. GOURLEY et al.
### No. 3630.

Court of Civil Appeals of Texas. El Paso.
Sept. 16, 1937.

Rehearing Denied Sept. 30, 1937.

Mae M. Ament, of Alpine and E. B. O'Quinn, of Marfa, for appellant.

A. E. Owens, of Alpine, and Roy R. Priest, of Rankin (Kerr & Gayer, of San Angelo, on the brief), for appellees.

WALTHALL, Justice.

On August 19, 1936, appellant, in a suit numbered 1678, styled M. H. Reed v. C. A. Harvey et al., recovered a judgment in the district court of Brewster county, Tex., against defendants in that suit for the sum of $64.81, with interest, attorney's fee, court costs, and for the foreclosure of a special assessment paving lien for street improvement against lots 5 to 9, inclusive, in block M—2, Railroad addition to the city of Alpine, Brewster county; also in said suit plaintiff recovered judgment for the sum of $35.68, attorney's fee,

interest, costs of suit, and the foreclosure of a special assessment paving lien for street improvement against lot 6, block 48, the original town of Alpine, Brewster county, the judgment directing the issuance of an order of sale under said judgment, directed to the sheriff or any constable of Brewster county, to seize and sell the above described tracts of land as under execution, and to apply the proceeds as directed. On September 18, 1936, an order of sale was issued as directed; notice of sale given, and on November 3d, 1936, the property was sold by the sheriff at public sale, to M. N. Bobo, to whom the sheriff executed a deed conveying said property; the deed was duly recorded.

This suit was brought by appellant, M. H. Reed, as plaintiff, against defendants W. N. Gourley, as sheriff of Brewster county, and M. N. Bobo, as purchaser of said property at said sale, and praying that, for the reasons stated, he have judgment "dissolving, annulling and holding for naught said order of sale, notice of sale, sheriff's return, sale and deed to the said M. N. Bobo; that the same be in all things cancelled and set aside, and that the clouds cast upon the title to said lands and the title to said property as against the plaintiff's legal and equitable rights, titles and interests therein, by virtue therof, be quieted in the plaintiff," and asked for other orders which we need not state here, and for damages stated.

Defendant Gourley answered by a general denial. Defendant Bobo answered by a number of special exceptions to plaintiff's petition; the exceptions were not presented to nor passed upon by the court, and are waived. Defendant Bobo further answered by general denial; estoppel of plaintiff to deny that said sale and deed to him are valid, plaintiff having permitted the sale to be made and the deed executed to him; that plaintiff is now estopped to deny or question the said order of sale, notice of sale, the sheriff's return, all having been done at plaintiff's request and permission; that without any act or thing done on his part to cause the matters complained of by plaintiff, and after a proper and legal sale of said property to him, he paid to the sheriff the cash consideration of $100 on the execution to him of said deed.

The court heard the evidence and entered judgment that plaintiff take nothing and that defendants recover their costs,

to which plaintiff excepted and prosecutes this appeal.

### Opinion.

The trial court filed findings of fact and conclusions of law, and the parties have also filed an agreed statement of facts admitted in evidence.

The facts found and agreed upon are lengthy and we state here briefly only their substance. They consist of the judgment of the court in cause No. 1678, of Reed v. C. A. Harvey et al., in favor of Reed for the items sued for and the foreclosure of the paving lien on the properties described, all the items in the aggregate of $225.49; the one order of sale placed in the hands of the sheriff; the advertisement of the properties for sale; the sale of the properties by the sheriff (sale made by the deputy sheriff) to defendant Bobo for $100 cash. The court finds: "The proof in this cause does not disclose in what manner the sale was conducted by the sheriff other than as disclosed by his return on said order of sale." Plaintiff's attorney (Mrs. Mae M. Ament) was not present at such sale. The court found: "No request was made of the sheriff to conduct his sale in any manner whatsoever, and that no request was made by any one to sell the property in separate parcels, nor does the proof show in this cause whether or not the property was sold in bulk or in separate parcels."

In the agreed statement appears the judgment in cause No. 1678, the order of sale, the bill of costs, the publication of the sheriff's notice of sale, the sheriff's return on the order of sale, the sheriff's deed—all are set out in full. They are all in the usual form, and we have found no objection to any of them. In the agreed statement is found the testimony of Mrs. Mae M. Ament, one of the attorneys for appellant. It is to the effect that she represented appellant in cause No. 1678 of Reed v. Harvey et al.; that she did not attend the sheriff's sale, and did not agree to the terms of the sale or the price recovered by the sheriff, did not authorize the sheriff to sell the two tracts of land in bulk or for the sum of $100; that she tried to be present at the sale, telephoned the sheriff's office and made several trips there, but found no one there during the day of the sale and did not learn of the sale until about 7 o'clock that evening; she declined to accept the amount tendered by the sheriff; several days before the sale she advised the sheriff's office that she wished to be present at the sale, but was never notified when the sale took place.

Defendant Bobo testified: Was the purchaser of the two tracts at the sheriff's sale; only one other bidder was there; witness had nothing to do with the manner in which the property was sold; bought both pieces of property for $100, and paid that sum to the sheriff.

In the former cause, No. 1678, to which the record refers, the judgment, after reciting and fixing the amount due plaintiff substantially as above and the lien separately on each of the two pieces of property, recites:

"It is therefore, ordered, adjudged and decreed by the court that the plaintiff's lien as it existed on the 21st day of December, A.D. 1929, upon Lots 5 to 9, both inclusive, in Block M—2, Railroad Addition to the City of Alpine, Brewster County, Texas, be and the same is hereby in all things foreclosed as against all of the defendants and that the clerk of this court do issue an order of sale directed to the sheriff or any constable of Brewster County commanding him to seize and sell the above described tract of land as under execution and that he apply the proceeds thereof to the payment and satisfaction of said sum of $64.81, together with all interest that may be due thereon, being 7% from and after December 21, 1929, and $50.00 attorney's fees and all costs of suit, and it is further ordered that the officer place the purchaser of said property in possession thereof within thirty days after the day of sale. And said order of sale when issued shall have all the force and effect of a writ of possession; and

"It is further ordered, adjudged and decreed by the court that the plaintiff's lien as it existed on the 21st day of December, A.D. 1929, upon Lot 6, in Block 48, of the Original Townsite of Alpine, Brewster County, Texas, be and the same is hereby in all things foreclosed as against all of the defendants herein and that the clerk of this court do issue an order of sale directed to the sheriff or any constable of Brewster County, Texas, commanding him to seize and sell the above described tract of land as under execution and that he apply the proceeds thereof to the payment and satisfaction of said sum of $35.68, $50.00 attorney's fees, together with all in-

244

terest thereon, being 7% from and after December 21, 1929, and all costs of suit; and it is further ordered that said officer place the purchaser of said property in possession thereof within thirty days after the day of sale; and the said order of sale when issued shall have the force and effect of a writ of possession."

Appellant presents several propositions, but all to the effect that the record does not show that the sheriff, in making sale of the two separate and distinct tracts of land, each having upon it a lien separate and distinct from the other tract, did not comply with the judgment of the court ordering the sale of said tracts, in that the record does not show that the two tracts were each sold separately.

The judgment does not specifically direct that the tracts of land be sold separately, but does direct that they be sold as under execution. The order of sale recites that the property be sold as under execution. Article 3806 of the Vernon's Annotated Civil Statutes provides: "Sale of city lots. If real property situated in any town or city, taken in execution, consist of several lots, tracts or parcels, each shall be offered separately, unless the same be not susceptible of a separate sale by reason of the character of the improvements thereon." There is no suggestion in the record that the tracts could not be offered or sold separately. The trial court found that the proof does not disclose in what manner the sale was conducted other than as disclosed by the return on the order of sale. The return on the order of sale does not disclose specifically whether the two properties were sold separately or together; the return recites: "Sold said property at public sale to M. N. Bobo, to whom the same was struck off for the sum of One Hundred Dollars."

 It appears from the record that the judgment of the court did not direct the properties to be sold separately; nor did the order of sale so direct; nor did the appellant direct a separate sale of the lots. The courts have uniformly held that the statute directing that the lots be sold separately is directory and not mandatory, and the sale so made in bulk is ordinarily an irregularity, and voidable and not void. 18 Tex. Jur. page 680, and cases cited. While the petition alleged the value of the lots to be $1,000, we have found in the record no finding of the court, nor agreement of counsel, nor evidence, of the value of the properties, so that inadequacy of price may not be considered in the suit to annul or set aside the sheriff's sale.

There is some difference in the record of the disposition made of the proceeds of the sale. The sheriff's return on the order of sale shows the sum of $41.35 remaining after paying court costs was paid to the attorney for appellant as evidenced by the receipt presented in the return; the evidence of the attorney shows that she declined to accept the amount tendered by the sheriff, and had never received any part of the sale price. No effort is shown to have been made to correct the sheriff's return. We mention the above only as tending to show that appellant assented to the sale as made.

Appellant brought this suit on the theory and asserting that the sale by the sheriff was absolutely void. We have concluded that the sale was not void.

We have not discussed other questions suggested by the record, such as the character of the suit, necessary parties, and make no holding on those questions.

The case is affirmed.

HIGGINS, J., did not sit.